NO. 07-08-0441-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 15, 2009
                                       ______________________________

IN THE MATTER OF THE MARRIAGE OF
WILLIAM CODY HESS AND HOLLYE DANIELLE HESS
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 76,033-2; HONORABLE PAMELA SIRMON, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, William Cody Hess (Cody), appeals the entry of an Agreed Final Decree
of Divorce. We will reverse and render in part and affirm in part.
Background
          Cody filed for divorce from appellee, Hollye Danielle Gray-Hess. Prior to trial on the
divorce, the parties reached an Agreement Incident to Divorce. One of the provisions of
the agreement stated that, “If Petitioner [Cody] is deployed with the US Army, then Daniel
and Katrina Klaehn shall have the right to exercise visitation with the parties’ minor child.” 
Before the trial court entered the agreed divorce decree, the Klaehns attempted to exercise
their visitation rights under the agreement on the basis that Cody was deployed with the
US Army while stationed in Fayetteville, North Carolina. In response, Hollye filed a Motion
for Clarification of Order for Possession or Access that asked the trial court to determine
if Cody was deployed. At the final hearing in the divorce proceeding, the trial court also
heard evidence relating to clarification of the phrase “military deployment.” Following this
hearing, the trial court accepted the parties’ agreement incident to divorce and entered an
Agreed Final Decree of Divorce. However, the trial court added the following handwritten
note into the decree:
The Court defines “military deployment” as assignments outside the
continental United States. Proof, in writing, of such deployments must be
provided to Hollye Gray-Hess before Daniel or Katrina Klaehn are allowed
to exercise William Hess’ rights of possession.
The trial court did not enter a specific finding regarding whether Cody was deployed, but
it can be inferred that the trial court’s addition to the decree was a ruling that Cody was not
deployed.
          By four issues, Cody appeals the trial court’s additions to the Agreed Final Decree
of Divorce and the trial court’s implied ruling on whether Cody was deployed. 
Analysis
          The decree defines “military deployment” as “military duty ordered for a period of
more than six months during which [Cody] will not be provided the option of being
accompanied by the child and where the deployment is in a location where access to the
child is not reasonably possible.” This definition tracks the statutory definition of “military
deployment” found in Texas Family Code section 153.3161. See Acts 2005, 79th Leg.,
R.S., ch. 916, § 13, 2005 Tex. Gen. Laws 3148, 3152, repealed by, Acts 2009, 81st Leg.,
R.S., ch. 727, § 6, 2009 Tex. Gen. Laws 1851, 1855.


 
          During the hearing, Hollye testified that she and the child had lived with Cody in an
off-base apartment in Fayetteville, North Carolina, for a period of time. In addition, Hollye
testified that she has taken the child to visit Cody in Fayetteville since the filing of the
divorce. This evidence was not disputed by Cody. Thus, it is clear that the evidence
establishes that Cody, while stationed in Fayetteville, possesses the option of being
accompanied by the child. Essentially, Cody’s position at the hearing was that it would not
be financially or logistically practical for him to be able to exercise his rights to standard
visitation while stationed in North Carolina. However, we do not construe the statute to
provide that financial and logistical hardships are sufficient to make access to the child not
reasonably possible. Consequently, we conclude that the evidence conclusively
established that Cody failed to meet the definition of “military deployment” under either the
statute or the decree. As such, Cody is not entitled to invoke his right to alternate visitation
and we will affirm the trial court’s implied ruling that Cody was not deployed.
          In regard to the trial court’s addition of terms to the agreed decree, appellant
conceded at oral argument that he would be willing to accept the trial court’s requirement
that he provide written notice of deployment to Hollye before invoking his right to alternate
visitation. Based solely on this concession and without addressing the merits of the issue,
we will affirm that portion of the decree. Further, both in her brief and during arguments
before this Court, Hollye indicated that she would be willing to agree to the deletion of the
“outside of the continental United States” portion of the decree’s definition of deployment. 
As a result, we will reform the decree to delete the sentence “The Court defines ‘military
deployment’ as assignments outside the continental United States.”



          Finally, while Cody raised an issue regarding the constitutionality of the trial court’s
actions in his brief, he conceded during oral argument that this issue was not raised before
the trial court and is, therefore, waived.
Conclusion
          For the foregoing reasons, we reverse that portion of the Agreed Final Decree of
Divorce that states that “The Court defines ‘military deployment’ as assignments outside
the continental United States” and render judgment that the same is stricken from the
Agreed Final Decree of Divorce. In all other respects, we affirm the judgment of the trial
court.
 
                                                                           Mackey K. Hancock

                                                                                    Justice